UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 14-10085-RGS

UNITED STATES

v.

JAMES E. SCHULTZ

ORDER ON VICTIM RESTITUTION

October 14, 2015

STEARNS, D.J.

Defendant James E. Schultz pled guilty to one count of possession of child pornography pursuant to 18 U.S.C. § 2252(a)(4)(B).[1]  In April of 2015, the court sentenced Schultz to serve a term of 60-months imprisonment and, in anticipation of an agreement among the concerned parties, deferred the issue of victim restitution.  In light of the parties' failure to agree as to the appropriate amounts owed by Schultz, the court now makes the following findings and rulings.

Three victims – "Angela," "Marineland," and "Vicky" – seek mandatory restitution from Schultz pursuant to 18 U.S.C. § 2259.  In *United States v.*

---

[1] While not convicted of distribution, the government notes that Schultz is alleged to have distributed 36 images and 6 videos of child pornography in two undercover law enforcement investigations.

*Paroline*, 134 S. Ct. 1710 (2014), the Supreme Court gave trial courts the following guidance.

> [W]here it can be shown both that a defendant possessed a victim's images and that a victim has outstanding losses caused by the continuing traffic in those images but where it is impossible to trace a particular amount of those losses to the individual defendant by recourse to a more traditional causal inquiry, a court applying § 2259 should order restitution in an amount that comports with the defendant's relative role in the causal process that underlies the victim's general losses.

*Id.* at 1727. Acknowledging that "[t]his cannot be a precise mathematical inquiry and involves the use of discretion and sound judgment," *id.*, the Court outlined a general framework for determining the proper amount of restitution.

> [D]istrict courts might, as a starting point, determine the amount of the victim's losses caused by the continuing traffic in the victim's images (excluding, of course, any remote losses like the hypothetical car accident described above, see *supra,* at 1721), then set an award of restitution in consideration of factors that bear on the relative causal significance of the defendant's conduct in producing those losses. These could include the number of past criminal defendants found to have contributed to the victim's general losses; reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses; any available and reasonably reliable estimate of the broader number of offenders involved (most of whom will, of course, never be caught or convicted); whether the defendant reproduced or distributed images of the victim; whether the defendant had any connection to the initial production of the images; how many images of the victim the defendant possessed; and other facts relevant to the defendant's relative causal role.

*Id.* at 1728.   The restitution awarded, however, must not be "token or nominal."   *Id.* at 1727.   The amount "would serve the twin goals of helping the victim achieve eventual restitution for all her child-pornography losses and impressing upon offenders the fact that child-pornography crimes, even simple possession, affect real victims."   *Id.*

### "Angela"

"Angela" was raped and photographed by her father between the ages of 4 and 6.   She suffers from fear and anxiety and exhibits problems with emotional, interpersonal, sexual, and occupational functioning.   "Angela" has been diagnosed with posttraumatic stress disorder, major depressive disorder, and unspecified attention deficit disorder.   She is fearful that "consumers of pornography in which she is the object will find her and rape her."   Report of Alexandra H. Doyle, Ph.D. at 3.   Counsel for "Angela" represents that Angela's general damages from being a victim of child pornography ranges from $366,000 to $587,000.   This amount includes the costs for medical and therapeutic treatment as well as appropriate educational opportunities for someone with her symptoms.   "Angela" requests restitution from Schultz in the range of $7,320 to $11,740, and costs and attorneys' fees amounting to $4,780.20.

According to the materials submitted by the government, "Angela" has been identified as the victim in 116 prosecutions.  There are no known reasonable predictions of the number of future defendants or offenders.  The restitution ordered in prior cases in which Angela was identified as a victim range from $18.30 to $29,859.  The average of the restitution awards entered by district courts is $3,624.59, the medium is $2,000, and the most frequent award is $1,000.  Of the 1,400 images and 113 videos in Schultz's possession, three (3) images were of "Angela."  There is no evidence that Schultz contributed to the production of the original images.

### "Marineland"

"Marineland" was sexually abused, raped, and photographed by her father between ages five and eleven.  "Marineland" learned about the existence of the photos and videos at her father's criminal trial.  She has since also been contacted online by predators who include links to her photographs.  She is terrified of being recognized and sought out by those who have seen and downloaded her images and suffers from deep anxiety at the thought of being outside of her home on her own.  She has been diagnosed with persistent depressive disorder, anxiety disorder, and posttraumatic stress disorder, among other conditions.  Counsel for "Marineland" represents that her documented general losses include

4

psychological counseling costs between $265,710 and $303,150, and out-of-pocket expenses of $19,772.23 incurred in assembling the documentation in support of her requests for restitution.   "Marineland" seeks from Schultz restitution in the amount of $25,000, as well as $1,500 in attorneys' fees.

"Marineland" has been identified as the victim in 76 other prosecutions.  There are no known reasonable predictions of the number of future defendants or offenders.  The restitution awards entered in prior cases range from $250 to $51,500.  The average restitution ordered is $4,599.97, the medium is $3,000, and the most frequent award is $3,000.  Of the 1,400 images and 113 videos in Schultz's possession, thirty (30) images were of "Marineland."   There is no evidence that Schultz contributed to the production of the original images.

### "Vicky"

"Vicky" was raped and sexually exploited by her father between ages 9 and 10.  Images and videos were made of her abuse, in which she was portrayed as a willing and enthusiastic partner.  The "Vicky" series of child pornography images has been distributed worldwide since at least 2009.

> Vicky suffers from psychological injuries including post-traumatic stress disorder and anxiety as the result of the sexual abuse that was documented in the "Vicky" series.   These psychological injuries have been and continue to be aggravated, and significant and ongoing additional injury is caused, by the continued distribution and online viewing of her abuse.

5

*United States v. Watkins*, 2014 WL 3966381, at *4 (E.D. Cal. Aug. 13, 2014), *report and recommendation adopted*, 2014 WL 5697712 (E.D. Cal. Oct. 30, 2014). "Vicky" has been contacted multiple times online by predators who have viewed the images of her abuse, and has had her social media accounts infiltrated by cyber stalkers. Counsel for "Vicky" represents that she has suffered general losses in the amount of $1,084,053.29, and that she has received to-date payments of $652,598.79, with outstanding amount of $431,454.50. These amounts include future counseling costs, education and vocational counseling costs, lost earning, and out of pocket expenses for restitution documentation. "Vicky" seeks from Schultz the restitution amount of $50,000 plus $2,500 in costs and attorneys' fees.

"Vicky" has been identified as the victim in 594 other prosecutions. There are no known reasonable predictions of the number of future defendants or offenders. The restitution ordered in prior cases range from $50 to $1,330,015.75. The average restitution award is $14,512.03, the medium is $2,881.50, and the most common award is $1,000. Of the 1,400 images and 113 videos in Schultz's possession, six (6) images were of "Vicky." There is no evidence that Schultz contributed to the production of the original images.

Schultz does not challenge the total of the amount of damages claimed by the victims.  However, he contends that the bulk of their harms stems from their original abuse, and not his viewing or circulation of their images. Schultz, in other words, suggests a lack of causation between his possession of the pornographic images and the victims' injuries.  The argument runs counter to the Supreme Court's recognition that a victim of child pornography suffers not only from the effects of the original abuse, but also from her indelible knowledge that the images of her abuse remain in circulation on the open internet and are treated as a species of currency by pedophiles.  Each victim has identified a fear and anxiety at the possibility of being recognized by consumers of child pornography, while "Marineland" and "Vicky" testify to being contacted directly by pedophiliacs.  Schultz's aiding and abetting in the global distribution of the victim's images perpetuated and exacerbated these anxieties.

Schultz complains (and the record bears it out) that district courts in attempting to apply the *Paroline* factors have been unable to fashion a methodology that guarantees any consistency in outcome.  This, however, is not the fault of the victims and not a basis on which to deny them an award

of restitution.[2]   The Supreme Court has instructed this court to use its "discretion and sound judgment" in making a restitution award.   Having considered the submissions of the parties and the government's extensive documentation of prior prosecutions involving these victims in the light of the *Paroline* factors, the court finds that "Angela," "Marineland," and "Vicky" to have made requests for restitution and for attorneys' fees that are measured, reasonable, and proportionate under the circumstances.   I will award "Angela" and "Marineland" the total amounts each request.   I will adjust the award to "Vicky" somewhat downward in light of the *Paroline* instruction that the court take into account the number of images of a particular victim possessed by a defendant and the likelihood of her successful recovery of restitution from the universe of other past and potential defendants.

## ORDER

Defendant James E. Schultz is ordered to pay restitution in the amount of $10,000 plus $4,780.20 in attorneys' fees and costs to "Angela," in the

---

[2] Counsel for "Marineland" and "Vicky" note that Congress is currently considering a enacting a law that would provide for a graduated system of restitution for victims of child pornography beginning with a minimum amount of $25,000 for possession.   If enacted, this law would eliminate much of the present variability in victim restitution awards.

amount of $25,000 plus $1,500 in attorneys' fees to "Marineland," and in the

amount of $25,000 plus $2,500 in attorneys' fees and costs to "Vicky."

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE